

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2006

# Curi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Curi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2563

ARMANDO CURI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-457-978
(U.S. Immigration Judge: Honorable Esmeralda Cabrera)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2006
Before:  SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed :November 17, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Armando Curi seeks review of the Board of Immigration Appeals' final order of

removal dated April 14, 2005.  We have jurisdiction to review the order under 8 U.S.C. §

1252(a).  We will deny the petition for review.

**I.**

Curi is a Peruvian citizen conferred conditional permanent resident status on November 24, 1997, based on his marriage to a United States citizen. On November 24, 1999, Curi's conditional permanent resident status was terminated because he failed to establish his marriage was entered into in good faith. On March 7, 2000, the Immigration and Naturalization Service issued a notice to appear, charging Curi with removal for having his permanent resident status terminated.

Curi applied for relief from removal in the form of cancellation of removal, or, alternatively, voluntary departure. On August 17, 2001, an Immigration Judge denied Curi's application for cancellation of removal and granted Curi's motion for voluntary departure. The grant of voluntary departure required Curi to post a bond of $2000 and to depart on or before September 17, 2001, with an alternate order of removal to Peru. Curi did not appeal the IJ's decision.

On November 15, 2001, Curi submitted a motion to reopen his removal proceedings based on new evidence. A second IJ granted the motion to reopen on January 30, 2002. But after a merits hearing and a motion from the INS, the IJ vacated the January 30, 2002 decision, finding Curi statutorily ineligible for cancellation of removal. The IJ reinstated the August 17, 2001 order.

Curi appealed to the BIA. The BIA found Curi had overstayed his grant of voluntary departure after having received appropriate warnings. Accordingly, Curi was

statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229c(d).  The BIA

dismissed the appeal.

## II.

We must uphold the BIA's factual findings if they are "supported by reasonable,

substantial, and probative evidence on the record considered as a whole."  *INS v.*

*Elias-Zacarias*, 502 U.S. 478, 481 (1992).  We review the BIA's conclusions of law *de*

*novo*, with appropriate deference to the agency's interpretation of the underlying statute in

accordance with administrative law principles.  *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d

Cir. 2004) (citing *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837,

844 (1984)).

Under § 1252(a)(2)(B)(ii), we generally lack jurisdiction to review discretionary

decisions to deny cancellation of removal under § 1229b.  But we retain jurisdiction to

consider "constitutional claims or questions of law" notwithstanding the jurisdictional

limits of § 1252(a)(2)(B)(ii).  § 1252(a)(2)(D); *Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187,

189 (3d Cir. 2005).

## III.

A failure to voluntarily depart the United States within the statutory period makes

an alien ineligible for cancellation of removal under § 1229b for a period of ten years:

> [I]f an alien is permitted to depart voluntarily under this section and
> voluntarily fails to depart the United States within the time period specified,
> the alien . . . shall be ineligible, for a period of 10 years, to recieve any
> further relief under this section and section[ ] 1229b . . . .

3

§ 1229c(d)(1). As the IJ explained to Curi at his August 17, 2001 hearing, his failure to voluntarily depart by September 17, 2001, would preclude him from filing for cancellation of removal under § 1229b. Despite this warning, Curi filed his petition to reopen his request for cancellation of removal based on new evidence on November 15, 2001. Applying § 1229c(d)(1), the IJ and the BIA held Curi statutorily ineligible for cancellation of removal.

Despite the clear language of § 1229c(d)(1), Curi contends the BIA and IJ erred in holding him statutorily ineligible for cancellation of removal because of his failure to voluntarily depart, arguing his grant of voluntary departure was vacated by his non-payment of a departure bond. Section 1229c(d)(1) does not require that an alien post a departure bond to trigger the barring of cancellation of removal under § 1229b. Moreover, the provision that requires posting of a departure bond, 8 C.F.R. § 1240.26(c)(3), does not mention § 1229c(d)(1)'s bar of cancellation of removal. Section 1240.26(c)(3) merely provides that if a voluntary departure bond "is not posted within 5 business days, the voluntary departure order shall vacate automatically and the alternate order of removal will take effect on the following day." § 1240.26(c)(3). By failing to follow the procedures outlined by the IJ for voluntary removal, Curi does not escape the statutory bar to granting cancellation of removal.[1]

---

[1] Curi also contends the BIA erred in affirming the decision of the IJ to deny relief because he lacked the necessary criteria of good moral character, continuous physical

(continued...)

Curi further asserts his Fifth Amendment due process rights were violated. The Fifth Amendment provides aliens with due process protections during removal proceedings. *See, e.g.*, *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). But Curi raises no colorable claim that the BIA's decision fails to give him a full and fair review of the merits of his application for cancellation of removal. To advance a successful due process claim, Curi must show the BIA abused its discretion which caused him prejudice. *See, e.g.*, *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 374–77 (3d Cir. 2003). Curi has not satisfied this standard. Moreover, we have previously held the BIA's streamlining regulations do not violate due process. *Dia v. Ashcroft*, 353 F.3d 228, 238 (3d Cir. 2003) (en banc). Accordingly, we find no violation of Curi's Fifth Amendment due process rights.

**IV.**

For the foregoing reasons, we will deny the petition for review.

---

[1](...continued)
presence, and exceptional and unusual hardship to a qualifying relative. We have no jurisdiction to review the discretionary findings of an IJ with regard to denials of discretionary relief under § 1229(b). § 1252 (a)(2)(B)(i). Moreover, even if we decided this issue in Curi's favor, he would still be statutorily barred from seeking cancellation of removal. § 1229c(d)(1).